**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Ashley Joantina Florian,

Defendant.

No. CR-26-00299-001-PHX-MTL

**ORDER**

Defendant is charged with criminal trespassing and is presently being prosecuted in the West McDowell Justice Court.* She removed the prosecution to this court under 28 U.S.C. § 1443. That statute allows for removal to the United States District Court of "civil rights cases," including criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

Removal is proper "only if the petitioner asserts, as a defense to the prosecution, rights that are given to her by explicit statutory enactment protecting equal racial civil rights." *Davis v. Superior Ct. of State of Cal.*, 464 F.2d 1272, 1272 (9th Cir. 1972) (citation modified). Removal in such cases "is both specific and extremely narrow." *Id.* at 1273. "[I]n many cases it is quite possible for the court to know, from an inspection of the petition, that the petition cannot state a ground entitling him to remove." *Id.*

---

* Defendant filed her petition for removal *pro se*, but she appears to be represented by the public defender's office in the state court proceedings. (Doc. 1 at 44-49.)

Under 28 U.S.C. § 1455(b)(4), the Court must promptly examine any notice of removal of a state court criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."

The Court has considered the Notice of Removal (Doc. 1) in full and concludes that removal is facially improper.

First, Defendant has not alleged that she is subject to the abridgement of "equal racial civil rights." *Davis*, 464 F.2d at 1272; *see also Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975) (the petitioner must show that the right allegedly denied "arises under a federal law providing for specific rights stated in terms of racial equality") (citation modified). Since Defendant does not make this showing, the matter is subject to remand for this reason alone.

Second, removal cannot be supported by a showing that a "defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966). Indeed, the "vindication of [a] defendant's federal rights is left to state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id*. Here, Defendant argues that she is "factually innocent" because she is a student at the place of her alleged trespass, Grand Canyon University, and was a lawful guest at a hotel there. (Doc. 1 at 1-2, 7.) "Factual innocence" is not grounds for removal under § 1443. It is a defense to state court prosecution.

Finally, the removal petition lacks the basic detail required to establish removal jurisdiction. In further support of jurisdiction, Defendant asserts various civil-rights-related theories such as "selective enforcement" and "ADA-related concerns." (*Id*. at 1.) But these naked assertions are implausible and entitled to no weight. *See Ashcroft v. Iqbal*, 556 U.S.

- 2 -

662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

There is nothing in the record showing that Defendant has been "denie[d] the equal civil right protected by federal or state statute." *U.S. ex rel. Fuller v. Coffey*, 299 F. Supp. 315, 316 (E.D. Wis. 1969). The record shows that the State of Arizona alleges that Defendant was not a student at the University and therefore not entitled to be present on campus. Defendant denies the charges. This is a matter for state court adjudication. Thus, "[t]here is no slightest hint of a proper ground for removal in the petition," and remand is appropriate. *Davis*, 464 F.2d at 1273.

**IT IS THEREFORE ORDERED** that this matter is remanded to the West McDowell Justice Court for the State of Arizona, in and for the County of Maricopa. The Clerk of Court must close this case.

Dated this 5th day of May, 2026.

Michael T. Liburdi
United States District Judge